[992 NYS2d 569]

In the Matter of SAMUEL A. EHRENFELD, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 24, 2014

 

 

 

 

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated March 25, 2013, which contained a single charge of professional misconduct. After a hearing conducted on August 28, 2013, the Special Referee issued a report, which sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as this Court deems just and proper. The respondent has submitted an affirmation wherein he urges this Court to grant the Grievance Committee's motion and impose a public censure.

Charge one alleges that the respondent converted client funds entrusted to him as a fiduciary, in violation of rules 1.15 (a) and 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In December 2010, the respondent received a down payment in the amount of $25,100 on behalf of his client Kevin Kim, also known as Dong Yun Kim. On or about December 6, 2010, the respondent deposited the down payment into his attorney escrow account at Citibank. He was required to maintain the $25,100 deposit intact until the closing, which occurred on March 15, 2011. By January 3, 2011, the balance in the escrow account had been reduced to $23,560.92. By February 17, 2011, the balance fell to $379.90, and by March 11, 2011, the balance in the escrow account was -$85.

Based on the evidence adduced, and the respondent's admissions to the allegations in the petition and to the charge of professional misconduct, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report, and to impose discipline, is granted.

The respondent was cautioned by the Grievance Committee on July 8, 2011, for improper escrow practices.

In determining the appropriate measure of discipline to impose, we have considered the substantial mitigating factors offered by the respondent, including the absence of any allegation that any escrow funds were intentionally converted; his admission of wrongdoing, sincere remorse, and acceptance of full responsibility for his actions from the inception; the singular nature of the misconduct; the immediate action he took to cover the shortfall, thus causing no harm to the client; the steps he has already undertaken to remedy his poor bookkeeping and improper escrow practices; his general reputation for honesty and truthfulness; his charitable works; and the unlikelihood that he will engage in similar misconduct in the future.

We note that the respondent was new to private practice at the time the subject misconduct occurred, having only been in private practice since 2009, and that he had no prior experience with an escrow account. The subject real estate transaction was his first such transaction, as was his receipt of escrow funds. The evidence reveals that the subject misconduct stemmed principally from the respondent's mismanagement of his accounts, and his improper escrow practices, for which he was separately cautioned. Moreover, the respondent was suffering from serious health problems at the time, which distracted him from properly managing his accounts.

In light of these particular and unique circumstances, including the fact that the subject misconduct preceded the issuance of the letter of caution dated July 8, 2011, we conclude that a public censure is warranted.

Eng, P.J., Mastro, Rivera, Skelos and Dickerson, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report, and to impose discipline, is granted; and it is further,

Ordered that the respondent, Samuel A. Ehrenfeld, is publicly censured for his misconduct.