Matter of Luke (2020 NY Slip Op 01916)





Matter of Neil C. Luke


2020 NY Slip Op 01916


Decided on March 18, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
MARK C. DILLON
RUTH C. BALKIN
FRANCESCA E. CONNOLLY, JJ.


2017-12163

[*1]In the Matter of Neil C. Luke, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Neil C. Luke, respondent. (Attorney Registration No. 4092755)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated April 4, 2018, this Court authorized the Grievance Committee to institute and prosecute a disciplinary proceeding against the respondent. The Grievance Committee served the respondent with a notice of petition dated April 24, 2018, and a verified petition dated April 18, 2018. By agreement of the parties, the respondent's time to serve an answer was extended, and the respondent filed a verified answer on June 14, 2018. Subsequently, the petitioner served and filed a statement of disputed and undisputed facts, pursuant to 22 NYCRR 1240.8(a)(2), dated July 27, 2018. The respondent filed a statement of disputed and undisputed facts dated August 14, 2018, and an amended answer dated August 14, 2018. By decision and order on application of this Court dated September 21, 2018, the issues were referred to John P. Clarke, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on November 26, 2002.



Diana Maxfield Kearse, Brooklyn, NY (Susan Korenberg of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.



PER CURIAM


OPINION & ORDER
. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated April 18, 2018, containing seven charges of professional misconduct. The respondent served and filed a verified answer dated June 14, 2018, and an amended verified answer dated August 14, 2018. After a preliminary conference on January 30, 2019, and a hearing on March 27, 2019, the Special Referee submitted a report dated July 8, 2019, sustaining all seven charges. The petitioner now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent's counsel has submitted an affirmation in response requesting that the Court disaffirm the findings of the Special Referee and dismiss the charges, but if the Court decides to impose discipline, that it be limited to a public censure.
The Petition
Charge one alleges that the respondent misappropriated funds entrusted to him as a
fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all times hereinafter mentioned, the respondent maintained an attorney escrow account at TD Bank, account no. x-0556, entitled "Neil Luke IOLA Trust Account" (hereinafter the escrow account). On July 18, 2013, the respondent's escrow account had a zero balance. On July 19, 2013, the respondent deposited $10,000 into his escrow account on behalf of clients Eric Thompson and Carlton Mims, in connection with a title dispute over a parcel of property (hereinafter the Thompson/Mims matter). On July 25, 2013, the respondent deposited $140,000 into his escrow account on behalf of Eric Thompson in connection with a title dispute over a separate parcel of property (hereinafter the Thompson matter). By September 27, 2013, prior to disbursing any funds on the Thompson or Thompson/Mims matters, the balance in the respondent's escrow account had been depleted to $138,865, which is below the $150,000 he should have been holding for these clients.
Charge two alleges that the respondent misappropriated funds entrusted to him as a
fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On August 28, 2013, the respondent deposited $2,600 into his escrow account on behalf of a client, Precise Management. On August 28, 2013, the respondent issued escrow check no. 1002 to Precise Management for $3,000, which was $400 more than he had on deposit for that client. On August 29, 2013, escrow check no. 1002, in the amount of $3,000, payable to Precise Management, cleared the respondent's escrow account, in part, against other client funds in the account.
Charge three alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On October 16, 2013, the respondent deposited a $10,800 down payment into his escrow account on behalf of his client, Ashton Decoteau, the seller in a real estate transaction. By December 31, 2013, prior to making any disbursements on behalf of Decoteau, the balance in the respondent's escrow account had been depleted to $6,930.
Charge four alleges that the respondent misappropriated funds entrusted to him as a
fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On July 25, 2013, the respondent deposited $57,677.66 into his escrow account on behalf of himself and his family for the purchase of property located in Irvington, New Jersey (hereinafter the Irvington property). On July 25, 2013, the respondent deposited $10,000 into his escrow account, on behalf of himself and his family, to be used for the purchase of the Irvington property, bringing the total funds on deposit to $67,677.66. On July 26, 2013, the respondent wired $67,702.66 to the Goodson Law Firm (the seller's attorney) for the purchase of the Irvington property, which was $25 more than what was on deposit in his escrow account for that transaction.
On August 29, 2013, the Goodson Law Firm wired $1,740 into the respondent's escrow account, representing a refund for an overpayment on the Irvington property. There were no additional deposits into the respondent's escrow account on behalf of the Irvington property.
On September 3, 2013, the respondent's escrow check no. 1003 in the amount of $750, representing the respondent's legal fee for the Irvington property, cleared the account, reducing the Irvington property funds on deposit in the escrow account to $990. On September 5, 2013, the respondent's escrow check no. 1004, payable to NJ Granite & Marble, in the amount of $600, for "[r]epairs" to the Irvington property cleared the account, reducing the Irvington property funds on deposit in the escrow account to $390.
On December 30, 2013, the respondent's escrow check no. 1012, payable to "All Brands LLC" in the amount of $1,500, for "repairs" on the Irvington property, cleared the escrow account, in part, against other client funds in the escrow account. On December 31, 2013, the respondent's escrow check no. 1013, payable to "All Brands LLC" in the amount of $1,500, for "repairs" on the Irvington property cleared the escrow account against other client funds.
Charge five alleges that the respondent misappropriated funds entrusted to him as a
fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between August 29, 2013, and October 25, 2013, the respondent made the following cash withdrawals from his escrow account:
Date Cash Withdrawal
August 29, 2013 $2,000
September 6, 2013 $1,500
September 20, 2013 $3,500
September 23, 2013 $2,000
October 25, 2013 $ 700
There were no corresponding deposits into the escrow account for these withdrawals. The cash withdrawals, totaling $9,700, cleared against other client funds in the escrow account.
Charge six alleges that the respondent improperly made cash withdrawals from his escrow account, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200.0), based upon the factual allegations set forth in charge five.
Charge seven alleges that the respondent failed to maintain required bookkeeping records for his attorney escrow account, in violation of rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent failed to keep a ledger or similar record that accurately reflected the date and source of all funds deposited into his escrow account, the names of all persons for whom funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.
Hearing Evidence
The respondent testified at the hearing that, prior to the transactions that were the subject of the charges, he had never used an escrow account or held fiduciary funds. The respondent testified that the shortfalls in the escrow account were the result of his failure to maintain a general ledger and mathematical mistakes. Once he became aware of the shortfalls, he immediately contacted his clients, notified them of his mistakes, apologized to them, and ensured they received their funds. As to the cash withdrawals, the respondent testified that he believed the same were permissible, but he now acknowledges that he was wrong. After the Grievance Committee commenced an investigation, the respondent changed the nature and scope of his practice, and no longer handles real estate matters. He has also incorporated required bookkeeping practices and retained an accountant to review his account records.
Findings and Conclusion
Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
The respondent's counsel requests that this Court impose a public censure, in view of the evidence presented in mitigation, including, among other things, the absence of a client complaint; the respondent's cooperation with the Grievance Committee; his inexperience with escrow account management at the time of the shortfalls; the remedial measures he has since instituted; his acceptance of responsibility and demonstrated remorse; the medical issues he has endured; the evidence of his good character; his service as a volunteer in numerous civic activities; and his unblemished disciplinary history. Notwithstanding the mitigation advanced, we conclude that the respondent failed to adequately familiarize himself with and abide by the rules governing the maintenance of an attorney's escrow account, including the prohibition against cash withdrawals, which resulted in the misappropriation of client funds.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of six months (see Matter of Ehrenfeld, 123 AD3d 26).
SCHEINKMAN, P.J., MASTRO, DILLON, BALKIN and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Neil C. Luke, is suspended from the practice of law for a period of six months, commencing April 17, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 17, 2020. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct [*2]of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Neil C. Luke, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Neil C. Luke, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Neil C. Luke, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court